UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JACK MILLS                                                                                          PLAINTIFF

v.                                           No. 5:20-CV-05132

WYNDHAM VACATION RESORTS, INC.                                               DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant Wyndham Vacation Resorts, Inc.'s ("Wyndham") motion (Doc. 5) to dismiss or, in the alternative, to stay and compel arbitration. Wyndham also filed a brief (Doc. 6) in support. Plaintiff Jack Mills ("Mills") filed a response (Doc. 9) in opposition. Wyndham filed a reply (Doc. 12) with leave of Court. Wyndham's motion requests that the Court compel arbitration as required by the parties' arbitration agreement and dismiss this action. For the reasons set forth below, the motion will be granted.

**I.    Background**

This case concerns a contract the parties entered into on June 8, 2019, to purchase an "upgraded" vacation ownership plan related to Wyndham timeshare interests Mills owned in Panama City, Florida and Branson, Missouri. Mills met with Wyndham's sales representative in Nashville, Tennessee and signed a contract to purchase a Club Wyndham Access Vacation Plan for $95,724.70. The contract included a dispute resolution clause which states, "The Parties agree that any dispute, claim, suit, demand or controversy arising out of or relating to this Agreement (any "Dispute") shall be determined exclusively and finally by individual arbitration . . . ." (Doc. 1-2, p. 7). The agreement also includes a clause that "[t]he arbitration shall be administered by the AAA under its Consumer Arbitration Rules." (Doc. 6-1, p. 8). Rule R-14(a) of the AAA's Consumer Arbitration Rules states "The arbitrator shall have the power to rule on his or her own

1

jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." (Doc. 6, p. 6-7).

## II.     Analysis

Wyndham's motion to compel arbitration is reviewed under the summary judgment standard. *See Neb. Mach. Co. v. Cargotec Sols.*, 762 F.3d 737, 741–42 (8th Cir. 2014). The Court views the evidence and resolves all factual disputes in the nonmoving party's favor. *Id.* In determining whether Mills's claims fall within the terms of the arbitration provision, the Court should not rule on the potential merits of the underlying claims. *AT&T Techs. v. Commc'ns Workers*, 475 U.S. 643, 649 (1986). The Court should determine first whether there is a valid arbitration agreement and second, whether the claims fall within the scope of the arbitration provision. *Robinson v. EOR-ARK LLC*, 841 F.3d 781, 783–84 (8th Cir. 2016). If both questions are answered in the affirmative, arbitration must be compelled. Whether an arbitration agreement is valid and enforceable is governed by state contract law. *Donaldson Co., Inc. v. Burroughs Diesel, Inc.*, 581 F.3d 726, 731–32 (8th Cir. 2009) (explaining that "state contract law governs the threshold question of whether an enforceable arbitration agreement exists between litigants").

Mills argues this case should not proceed to arbitration for two reasons. Mills's first argument is that Wyndham waived its right to arbitration by removing this case to federal court. Unless the parties have clearly and unmistakably provided otherwise, issues of procedural arbitrability such as whether the right to compel arbitration has been waived are for the arbitrator to decide. *Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 871–72 (8th Cir. 2004) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83–85 (2002)). Although a copy of the Consumer Arbitration Rules likely was not provided to Mills at the time the contract was signed, the arbitration agreement does not specify that issues of procedural arbitrability, like waiver, will

be decided by the Court. Therefore, consistent with the AAA's Consumer Arbitration Rules, the issue of waiver is for the arbitrator to decide.

Mills's second argument is that the arbitration clause is unenforceable because it is void as unconscionable. As with the waiver argument, the Court must first consider whether the issue of unconscionability should be decided by the arbitrator. Unlike procedural issues, "issues of substantive arbitrability . . . are for a court to decide." *Howsam*, 537 U.S. at 85 (quoting RUAA § 6(c), and comment 2, 7 U.L.A. 13 (Supp. 2002)). *See also Pro Tech. Indus., Inc.*, 377 F.3d at 872 (deciding issue of unconscionability but leaving waiver for arbitrator to decide). As Wyndham notes, parties can delegate these substantive issues of arbitrability to the arbitrator as long as the delegation is "clear[] and unmistakabl[e]." *Id.* at 83 (quoting *AT & T Techs.*, 475 U.S. at 649). The dispute resolution agreement Mills signed does not include a delegation clause, but the agreement refers to a separate document, the AAA's Consumer Arbitration Rules, which includes the delegation clause. Arkansas law only allows the incorporation of the terms of a separate document into a contract if "the terms of the incorporated document [are] known or easily available to the contracting parties." *Pope v. John Hancock Mut. Life Ins. Co.*, 426 S.W.3d 557, 560 (Ark. App. 2013). Because there is a question of whether the delegation clause was "clearly and unmistakably" agreed to by the parties, this Court will decide the issue of unconscionability.[1]

Mills cites Arkansas contract law principles to define unconscionability.[2] Mills's sole

---

[1] *Northport Health Servs. of Ark., LLC v. Press* is distinguishable from the present case because the agreement in *Northport* directly included the delegation clause instead of incorporating it by reference. 2015 WL 11120887, at *1, *2 (W.D. Ark. June 15, 2015).

[2] Wyndham does not raise the issue of which state's contract law governs the arbitration provision. A federal court sitting in diversity applies the choice-of-law provisions of the state in which it sits. Arkansas applies "the law of the state with the most significant relationship to the issue at hand." *Crisler v. Unum Ins. Co. of Am.*, 366 Ark. 130, 133 (2006). Based on the facts of the case, the state with the most significant relationship is likely Tennessee, where the contract was made and negotiated. Ultimately, the choice of law analysis does not affect the outcome

basis for claiming substantive unconscionability is that the agreement requires arbitration in Orange County, Florida.  Mills does not provide any Arkansas case law indicating the forum selection clause itself is substantively unconscionable.  Instead, the implication of his argument is that because Mills did not negotiate with or speak to anyone in Florida, and never visited Wyndham's headquarters in Florida, it is unconscionable to force arbitration there.  Because Wyndham has a headquarters in Florida and Mills has a timeshare interest in a Florida property, there appears to be sufficient connection between this dispute and Florida to indicate the forum selection clause was not arbitrary, or intended to restrict Mills's availability to the forum.  Furthermore, the forum selection clause states that the arbitrator may "designate another location reasonably convenient for the Parties."  (Doc. 1-2, p. 8).  In Arkansas, "[s]ubstantive unconscionability generally involves excessive price or restriction of remedies." *LegalZoom.com, Inc. v. McIllwain*, 429 S.W.3d 261, 264 (Ark. 2013).  Mills has demonstrated neither.  In light of the demanding standard for proving substantive unconscionability, Mills has not shown that the arbitration agreement is substantively unconscionable. *See GGNSC Holdings, LLC v. Lamb By & Through Williams*, 487 S.W.3d 348, 358 (Ark. 2016) (finding no substantive unconscionability based on fee schedule that required the plaintiff to bear up-front cost of arbitration).

      Finally, Wyndham asks that this Court dismiss the case after determining that arbitration is appropriate.  A court may, in its discretion, dismiss an action in favor of arbitration where it is clear that the entire controversy will be resolved through arbitration. *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769-70 (8th Cir. 2011); *see also Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d

---

because Tennessee also requires both substantive and procedural unconscionability to void a contract. *Mitchell v. Kindred Healthcare Operating, Inc.*, 349 S.W.3d 492, 499 (Tenn. Ct. App. 2008).

1161, 1163 (5th Cir. 1992); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Here, Mills's claims against Wyndham fall squarely within the arbitration agreement and the entire controversy before the Court can be resolved by the arbitrator (assuming the arbitrator does not find waiver or procedural unconscionability). The Court, in its discretion, will dismiss the case.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 5) to dismiss and compel arbitration is GRANTED. The parties are ORDERED to submit this dispute to arbitration consistent with the terms of their arbitration agreements, and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 25th day of September, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE